UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

William G. Precourt
    Plaintiff

V.

Internal Revenue Service
    Defendant

04 - 11021 REK

## COMPLAINT

Referred to MJ JG Dein

### Parties

1. The plaintiff is a resident of Seekonk, Bristol County, Massachusetts and a citizen of the United States.

2. The defendant is the Internal Revenue Service of the United States.

### Jurisdiction

3. This court has jurisdiction over this matter pursuant to 28 U.S.C. §1332.

### Facts

4. On April 23, 2004, Plaintiff received a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 from the Internal Revenue Service Appeals Office,

5. Plaintiff was not given the proper Due Process Hearing REF: Internal Revenue Code Sec. 6330. Notice and opportunity for hearing before levy.
   (a) Requirement of notice before levy.
      (1) In general. No levy may be made of any property or right to property.
      (2) . . . . .
      (3) Information included with notice. . .
         (A). . . . .
         (B) the right of the person to request a hearing.
   (b) Right to fair hearing.
      (1) In general. If the person requests a hearing under subsection (a)(3)(b), such hearing shall be held by the Internal Revenue Service Office of Appeals.
      (2). . . .
      (3) Impartial officer. The hearing under this subsection shall be conducted by an officer or employee who has had no prior involvement. . . . .

- 1 -

Facts (Continued)

6. Plaintiff requested Due Process Hearing on 9/22/03 - received a reply, first from Kansas City, MO. On 10/09/03, then a later reply on 01/20/04 from the Appeals Office in Boston, advising the procedures. A reply was made on 01/29/04 stating that I expected a face to face hearing and not by telephone. A letter under date of 02/11/04 from the Appeals office stated that I did not qualify for a face-to-face conference, to which I replied under date of 02/11/04, that, by law, I am entitled to a face-to-face conference.

7. Therefore, based upon all of the above, Plaintiff requests that this Court:

   a. Declare invalid the IRS "determination" of April 21, 2004, since *no hearing was ever held.*

   b. Order the IRS to suspend any enforcement activity until it conducts CDP hearing in accordance with the law.

   c. Order the IRS to hold the "Collection Due Process Hearing" as required by 26 USC 6320 as requested by the Plaintiff.

   d. Order the IRS to have at that hearing all of the documents as requested in Plaintiff's request for a CDP hearing..

WHEREFORE, the Plaintiff demands judgment against the Defendant for

damages and and such other relief as this Court deems just.

William G. Precourt   5/20/04
839 Newman Avenue
Seekonk, MA  02771
(5078) 399-6046

- 2 -